# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

LAWRENCE TERRY,

Plaintiff,

v.

GOPUFF / GOBRANDS, INC.,

and

RELIASTAR LIFE INSURANCE COMPANY

d/b/a VOYA FINANCIAL / YOUR BENEFIT EXPERT,

Defendants.

**COMPLAINT**

(ERISA, ADA, South Carolina Wage Payment Act, and Equitable Relief)

Civil Action No.: 3:25-cv-14060-JFA-PJG

# I. INTRODUCTION

1. This action arises from Defendants' prolonged and unlawful mishandling of Plaintiff's medically certified leave of absence and disability benefits, coupled with failures to provide required notice, failures to accommodate a known disability, and interference with Plaintiff's protected benefit rights.
2. Despite Plaintiff's full compliance with employer-provided procedures and repeated good-faith efforts to obtain clarity, Defendants delayed approval of benefits for months, retroactively imposed an undisclosed cutoff date, failed to timely transition benefits, and left Plaintiff without income while medically unable to work.
3. Defendants' conduct constitutes wrongful denial and delay of benefits, ERISA claims-procedure violations, breaches of fiduciary duty, interference with protected rights, failure to accommodate under the ADA, retaliation, equitable estoppel, and violations of the South Carolina Wage Payment Act.

# II. JURISDICTION AND VENUE

4. This Court has jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. §§ 1331 and 1367.
5. Jurisdiction over ERISA claims is proper under 29 U.S.C. § 1132(e)(1).
6. Venue is proper in this District because Plaintiff resided and worked in South Carolina, Defendants transact business in this District, and the acts and omissions giving rise to this action occurred here.

## III. PARTIES

7. Plaintiff Lawrence Terry is a resident of South Carolina and a former employee of Defendant GoPuff / GoBrands, Inc.
8. Plaintiff was a participant and beneficiary in GoPuff's Short-Term Disability ("STD") and Long-Term Disability ("LTD") benefit plans.
9. Defendant GoPuff / GoBrands, Inc. ("GoPuff") is Plaintiff's former employer, the plan sponsor, and an ERISA fiduciary or co-fiduciary.
10. Defendant ReliaStar Life Insurance Company d/b/a Voya Financial / Your Benefit Expert ("Voya") is the claims administrator and ERISA fiduciary responsible for administering STD and LTD benefits.

## IV. FACTUAL ALLEGATIONS

### A. Medical Leave and Certification

11. On or about July 15, 2025, Plaintiff was placed on employer-approved, medically certified leave of absence.
12. Plaintiff's treating physician certified Plaintiff as medically unable to work using GoPuff's own Leave of Absence / Short-Term Disability medical certification form.
13. That documentation was submitted, accepted, and relied upon by Defendants.
14. The accepted documentation listed Plaintiff as out of work through November 29, 2025, with an anticipated return-to-work date of November 30, 2025.
15. Plaintiff reasonably relied on this employer-approved documentation.

### B. Disability and ADA Accommodation Requests

16. Plaintiff sustained multiple head injuries, including concussions, resulting in cognitive impairments affecting information processing.

17. In August 2025, Plaintiff requested ADA reasonable accommodations limited to process and communication, including written communications, additional time to complete paperwork, and a single point of contact.
18. On August 29, 2025, GoPuff HR confirmed in writing that Plaintiff's ADA accommodation request was under review and that an individualized assessment was required.
19. Defendants failed to complete or meaningfully engage in the interactive process and did not implement the requested accommodations.

## C. Claims-Handling Failures

20. GoPuff initially failed to provide Plaintiff's contact information to Voya, preventing timely initiation of the STD claim.
21. Plaintiff repeatedly alerted GoPuff HR to this issue.
22. Plaintiff submitted all required medical documentation and cooperated fully once notified of any requests.
23. Despite this, Plaintiff's STD claim was not approved until December 2025, months after submission.
24. No new medical documentation was submitted at the time of approval, confirming the sufficiency of the original submission.

## D. Retroactive Exhaustion and Notice Failures

25. Only upon the delayed approval in December 2025 was Plaintiff informed that STD benefits allegedly ended on October 14, 2025.
26. Plaintiff received no advance notice of benefit exhaustion.
27. Plaintiff was not informed of any requirement to submit LTD paperwork until December 2025.

28. Plaintiff therefore received no disability or wage-replacement benefits from October 15, 2025 through December 2025, despite remaining medically unable to work and on approved leave.

### E. Terminations During Medical Leave

29. While on approved medical leave, Plaintiff was terminated more than once, then later "corrected" or reversed.
30. These actions created confusion, destabilized benefit administration, and interfered with Plaintiff's ability to secure benefits.
31. Plaintiff was ultimately terminated on December 22, 2025, with unpaid benefit gaps unresolved.

# V. CAUSES OF ACTION

## COUNT I – ERISA § 502(a)(1)(B)

Wrongful Denial / Failure to Pay Benefits

32. Plaintiff was entitled to STD and related wage-replacement benefits under the plan.
33. Defendants wrongfully delayed approval and failed to pay all benefits due.
34. Plaintiff seeks recovery of unpaid benefits and clarification of future rights.

## COUNT II – ERISA Claims-Procedure Violations

(29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1)

35. Defendants failed to provide timely and adequate notice of benefit determinations.
36. Retroactive exhaustion notice deprived Plaintiff of appeal and transition rights.
37. These violations warrant de novo review and equitable relief.

## COUNT III – Breach of Fiduciary Duty

(ERISA § 404; § 502(a)(3))

38. Defendants breached fiduciary duties of loyalty and prudence by mismanaging claim administration, failing to communicate material information, ignoring known cognitive impairments, and causing foreseeable financial harm.
39. Plaintiff seeks equitable relief including surcharge and make-whole remedies.

## COUNT IV – ERISA § 510 Interference

40. Defendants interfered with Plaintiff's attainment of benefits by repeated terminations, administrative delays, and misclassification of leave while Plaintiff exercised protected rights.

## COUNT V – ADA Failure to Accommodate

(42 U.S.C. § 12112(b)(5)(A)) – Against GoPuff

41. Plaintiff is a qualified individual with a disability.
42. Plaintiff requested reasonable accommodations related to the process of administering leave and benefits.
43. GoPuff acknowledged the request but failed to engage in the interactive process.
44. Plaintiff suffered harm as a result.

## COUNT VI – ADA Retaliation

(42 U.S.C. § 12203) – Against GoPuff

45. Plaintiff engaged in protected activity by requesting ADA accommodations.
46. Plaintiff experienced adverse actions, including benefit delays and termination.
47. Temporal proximity supports retaliatory motive.

## COUNT VII – ERISA Equitable Estoppel

48. Defendants represented Plaintiff was out through November 29, 2025.
49. Plaintiff reasonably relied on that representation.
50. Defendants later enforced an undisclosed October 14 cutoff.
51. Plaintiff suffered financial harm.

**COUNT VIII – South Carolina Wage Payment Act**

(S.C. Code § 41-10-10 et seq.) – Against GoPuff

52. GoPuff failed to timely pay wages and wage-replacement amounts owed.

53. Plaintiff received no advance notice.

54. Plaintiff seeks unpaid wages, treble damages, and attorneys' fees.

# VI. PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. All unpaid benefits and wages due;

B. Pre- and post-judgment interest;

C. Equitable relief including surcharge and estoppel;

D. Compensatory damages under the ADA;

E. Attorneys' fees and costs;

F. Declaratory and injunctive relief; and

G. Such other relief as the Court deems just.

# VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

# VIII. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Lawrence Terry

Plaintiff, Pro Se

Date: 12/31/2025